United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40608
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ARTURO SAN MARTIN,
also known as Ricardo Hernandez-Lozano,

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-683-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    This court affirmed the judgment of conviction and sentence

of Arturo San Martin.  United States v. San Martin, 117 Fed.

Appx. 985 (5th Cir. Dec. 17, 2004) (unpublished).  The Supreme

Court vacated and remanded for further consideration in light of

United States v. Booker, 125 S. Ct. 738 (2005).  We requested and

received supplemental letter briefs addressing the impact of

Booker.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

San Martin contends that the district court illegally sentenced him pursuant to a mandatory Sentencing Guidelines regime, in violation of Booker. He concedes that such argument was raised for the first time on direct appeal and therefore is reviewable for plain error. See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 43 (2005). This court finds plain error when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights. Id. at 520. Here, the first two prongs of the plain-error test are readily satisfied because it is clear after Booker that application of the Sentencing Guidelines in their mandatory form constitutes error that is plain. Id. at 521.

To satisfy the third prong of the plain-error test, San Martin must show that his "substantial rights" were affected. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 267 (2005). "[T]he pertinent question is whether [the appellant] demonstrated that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." Mares, 402 F.3d at 521. This question requires us to assess whether "there is [an] indication in the record from the sentencing judge's remarks or otherwise that gives us any clue as to whether [ ]he would have reached a different conclusion" if sentencing under an advisory scheme.

<u>Id.</u> at 522. San Martin has conceded that he cannot make such a showing under the <u>Mares</u> standard. To the extent that San Martin argues that the <u>Booker</u> error is a "structural" one that is not susceptible to a plain-error analysis, or that he alternatively contends that plain-error prejudice should be presumed, this court recently rejected such arguments. <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 601 (5th Cir. 2005), <u>cert. denied</u>, No. 05-6242, 2005 WL 2494163, at *1 (Oct. 11, 2005).

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance of this case, we reinstate our judgment affirming San Martin's conviction and sentence.

AFFIRMED.